IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:21CR85-1 |
| v. | : | |
| BIO-ADHESIVE ALLIANCE, INC. | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, and the defendant, BIO-ADHESIVE ALLIANCE, INC., through its corporate representative, Mahour Parast, and its attorney, Kearns Davis, and state as follows:

1. The defendant, BIO-ADHESIVE ALLIANCE, INC., is presently charged in a Bill of Information in case number 1:21CR85-1, which in Counts One and Two charges it with a violation of Title 18, United States Code, Section 1001(a)(3), false statements.

2. The defendant, BIO-ADHESIVE ALLIANCE, INC., will enter a voluntary plea of guilty to Counts One and Two of the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to it by its attorney.

a. The defendant, BIO-ADHESIVE ALLIANCE, INC., understands that, pursuant to Title 18, United States Code, Section 3551(c), the maximum punishment provided by law for the Information herein is not less than one, nor more than five years of probation, pursuant to Title 18, United States Code, Section 3561(c)(1), and a fine of $500,000, pursuant to Title 18, United States Code, Section 3571(c)(3), as to each count. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, BIO-ADHESIVE ALLIANCE, INC., the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

b. The defendant, BIO-ADHESIVE ALLIANCE, INC., also understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant, as to Counts One and Two of the Information herein, make restitution to any victim of the offense to which it is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1).

c. The defendant, BIO-ADHESIVE ALLIANCE, INC., further understands that the sentence to be imposed upon it is within the discretion of

2

the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Counts One and Two of the Information herein, the defendant, BIO-ADHESIVE ALLIANCE, INC., knowingly waives and gives up its constitutional rights to plead not guilty, to compel the United States to prove its guilt beyond a reasonable doubt, not to be compelled to incriminate itself, to confront and cross-examine the witnesses against it, to have a jury or judge determine its guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

3

4. The defendant, BIO-ADHESIVE ALLIANCE, INC., is going to plead guilty to Counts One and Two of the Information herein because it is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, BIO-ADHESIVE ALLIANCE, INC., qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b. The parties agree that the amount of restitution owed to victims harmed by the defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, is $881,699.69. The defendant, BIO-ADHESIVE ALLIANCE, INC., agrees to pay the above-referenced amount in restitution, pursuant to Title 18, United States Code, Section 3663A(a)(3).

c. The defendant, BIO-ADHESIVE ALLIANCE, INC., entirely waives its right to collaterally attack its conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.

4

The only exceptions are that the defendant, BIO-ADHESIVE ALLIANCE, INC., may collaterally attack its conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of its guilty plea.

  d. The defendant, BIO-ADHESIVE ALLIANCE, INC., entirely waives its right to a direct appeal of its conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, BIO-ADHESIVE ALLIANCE, INC., may file a direct appeal of its sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

  e. It is agreed that the defendant, BIO-ADHESIVE ALLIANCE, INC., will waive in open court prosecution by Indictment and consent to be charged in an Information.

  f. It is agreed that the defendant, BIO-ADHESIVE

5

ALLIANCE, INC., will waive its right under Title 18, United States Code, Section 3282, to have charges under Title 18 of the United States Code brought within five years of the date of the offense and that the period commencing from January 20, 2020 up to and including March 31, 2021, is hereby excluded from the calculation of that limitations period.

6. The defendant, BIO-ADHESIVE ALLIANCE, INC., agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, BIO-ADHESIVE ALLIANCE, INC., agrees that its debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if it is current in its payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, BIO-ADHESIVE ALLIANCE, INC., reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

6

9. The defendant, BIO-ADHESIVE ALLIANCE, INC., further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $400 for each offense to which it is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 9th day of March, 2021.

SANDRA J. HAIRSTON
Acting United States Attorney

KEARNS DAVIS
Attorney for Defendant

JOANNA G. MCFADDEN
NYSB # 4500948
Assistant United States Attorney

BIO-ADHESIVE ALLIANCE, INC.
Defendant

101 S. Edgeworth St.,
4th Floor
Greensboro, NC 27401

336/333-5351

/S/ CTB